```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                                          :
 CIT BANK, N.A.,                                          :    **MEMORANDUM DECISION AND**
                                                          :    **ORDER**
                              Plaintiff,                  :
                                                          :    17-CV-238 (BMC)
              - against -                                 :
                                                          :
 PAULA GUY; MORTGAGE ELECTRONIC                           :
 REGISTRATION SYSTEMS, INC.; NEW                          :
 YORK CITY PARKING VIOLATIONS                             :
 BUREAU; and NEW YORK CITY                                :
 ENVIRONMENTAL CONTROL BOARD,                             :
                                                          :
                              Defendants.                 :
                                                          :
----------------------------------------------------------X
```

**COGAN**, District Judge.

Plaintiff CIT Bank, N.A., as successor by merger to OneWest Bank, N.A. ("OneWest"), brings this action based on diversity jurisdiction to foreclose on a mortgage. None of the interest holders of record have appeared, defaults have been entered against them, and plaintiff has moved for a judgment of foreclosure and sale. The motion is granted.

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). However, before a court enters a default judgment, it must determine whether the allegations in the complaint establish liability as a matter of law. See Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). Additionally, the plaintiff still bears the burden of proving a "reasonable basis" for the damages requested. E. Sav. Bank, FSB v. Robinson, 13-CV-7308, 2016 WL 3365091, at *4 (E.D.N.Y. May 9, 2016). An evidentiary hearing is not required so long as the plaintiff's affidavits and other documentary

evidence provide a basis for the damages awarded.  Transatlantic Marine Claims Agency v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997).

In a mortgage foreclosure action under New York law, "the lender must prove . . . the existence of an obligation secured by a mortgage, and a default on that obligation." R.B. Ventures, Ltd. v. Shane, 112 F.3d 54, 59 n.2 (2d Cir. 1997) (internal quotation marks omitted); see also E. Sav. Bank, FSB v. Ferro, No. 13-CV-5882, 2015 WL 778345, at *6 (E.D.N.Y. Feb. 24, 2015).  "[O]nce a plaintiff mortgagee in a foreclosure action has established a prima facie case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." E. Sav. Bank, FSB v. Evancie, No. 13-cv-00878, 2014 WL 1515643, at *4 (E.D.N.Y. April 18, 2014); see also Fleet Nat'l Bank v. Oslav, 16 A.D.3d 374, 793 N.Y.S.2d 52 (2d Dep't 2005) (holding that the plaintiff "established its prima facie entitlement to a judgment" by submitting the mortgage, the unpaid note, and evidence of the mortgagors' default).

Courts regularly enter default judgments in foreclosure actions against defendants with "nominal interests" in the relevant property, including subordinate lien holders like defendants the New York City Parking Violations Bureau and the New York City Environmental Control Board.  See, e.g., E. Sav. Bank, FSB v. Strez, No. 11-cv-1543, 2013 WL 6834806, at *6 (E.D.N.Y. Dec. 20, 2013) (entering default judgment against the Environmental Control Board, who was a holder of a subordinate lien on the premises); Christiana Bank & Trust Co. v. Dalton, No. 06-CV-3206, 2009 WL 4016507, at *5 (E.D.N.Y. Nov. 17, 2009) (entering default judgment against, among others, the New York City Parking Violations Bureau and New York City Environmental Control Board).  "When a default judgment is entered against a defendant with a

'nominal interest' in a property, any such interest in the relevant property is terminated." Robinson, 2016 WL 3365091, at *4.

The documents submitted on the motion show that plaintiff has established a prima facie case and is entitled to a judgment of foreclosure and sale. The original mortgage and note were executed by defendant Paula Guy, as borrower, in favor of Sterling National Mortgage Company ("Sterling"), a subsidiary of Federally Chartered Bank, on December 27, 2006 for $472,000. By allonge dated the same day, Sterling endorsed the note to Indymac Bank, FSB ("Indymac"). By allonge also dated the same day, the Federal Deposit Insurance Corporation, acting as receiver for Idymac, endorsed the note to OneWest. The mortgage caught up with the note by assignments from Sterling to Indymac on August 9, 2007, and from Indymac to OneWest on June 17, 2010. The loan went into default, at the latest, on February 1, 2011.

Plaintiff seeks the following damages: (1) $621,344.42, representing an unpaid principle amount of $453,996.95, plus late charges and 8.125% interest on the unpaid principal; (2) $1,475 for fees and disbursement costs in connection with filing and litigating this action; and (3) $5,745.00 in attorneys' fees. Except for its request for attorneys' fees, plaintiff has sufficiently established its damages.

The documents submitted by plaintiff support that $453,996.95 is the outstanding principle amount and that the mortgage provides for an interest rate of 8.125% on the unpaid principle and charges imposed for late fees. The mortgage also provides that in the event that the mortgagee has to bring a lawsuit to collect the remaining unpaid amount as a result of the mortgagor's default, the mortgagee will have the right to collect all costs and disbursements in connection with the lawsuit.

Although the mortgage also provides that the mortgagee will have the right to recover reasonable attorneys' fees in connection with the lawsuit, plaintiff has failed to meet its burden to "demonstrate the reasonableness and necessity of hours spent and rates charged." Finkel v. Omega Commc'n Svs., Inc., 543 F. Supp. 2d 156, 164 (E.D.N.Y. 2008). Plaintiff has submitted an affidavit of one of its attorneys, in which the attorney attests that a flat fee of $4,950.00 will be charged to plaintiff upon completion of this action, and because counsel is charging plaintiff a flat fee, "individual time sheets are not maintained." Nonetheless, the affidavit itemizes various tasks completed and the amount of time spent to complete each task. The affidavit, however, fails to identify the names of the attorneys and paralegals who worked on the case, the experience of the attorneys who worked on each task, the date on which each task was completed, or the hourly rate from which the flat fee derives. Without this information, a flat attorneys' fee cannot be awarded. See OneWest Bank, N.A. v. Cole, No. 14-CV-3078, 2015 WL 4429014, at *6 (E.D.N.Y. July 17, 2015) ("In general, courts in this Circuit will not award attorneys' fees assessed at a flat-rate unless the supporting documentation is detailed enough to satisfy the Second Circuit's requirement that attorneys' fees must be based on contemporaneous time records specifying relevant dates, time spent and work done.") (internal quotation marks omitted)

Moreover, the affidavit only accounts for a total of 10.4 hours paralegal time and 7 hours attorney time. This is insufficient to support an award of almost $5,000 in attorneys' fees, especially without any details as to the experience level of the attorney or attorneys who worked on this matter. See Claudio v. Mattituck-Cutchogue Union Fee Sch. Dist., No. 09 Civ 5251, 2014 WL 1514235, at *14 (E.D.N.Y. 2014) (collecting cases and finding that the maximum prevailing rate for experienced attorneys in this district range is $450 per hour); OneWest, N.A.

4

v. Denham, No. CV 14-5529, 2015 WL 5562980, at *12 (E.D.N.Y. Aug. 31, 2015) (finding that a range of $70 to $100 per hour is a reasonable rate for a paralegal).

In addition to the flat fee, plaintiff also seeks an additional $795 in attorneys' fees, consisting of $150 for preparing and filing the Lis Pendens and $645 for counsel's preparation for and appearance at the status conference held by this Court. It is impossible for the Court to determine whether these fees are reasonable as the affidavit fails to even identify the amount of time spent on either of these tasks. Plaintiff will therefore not be awarded any attorneys' fees.

Accordingly, plaintiff's motion for default judgment is granted. A judgment of foreclosure and sale, with damages in the amount of $622,819.42, will be entered separately.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
      May 16, 2017